CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SANTIAGO ACOSTA ROBLES, on behalf of himself, and others similarly situated,

        Plaintiff,

-against-

WAYSIDE AUTO BODY, INC., and
CHRISTOPHER BENSON,

        Defendants.

Case No. 17 cv 3180

**FLSA COLLECTIVE ACTION COMPLAINT**

ECF Case

---

Plaintiff, Santiago Acosta Robles, (hereinafter, "Plaintiff"), on behalf of himself, and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants Wayside Auto Body, Inc., (hereinafter, "Wayside Auto Body"), and Christopher Benson, individually (collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation; (b) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours; (c) liquidated damages and statutory penalties pursuant to the New York State Wage Theft Prevention Act; (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Queens County, New York.

6. Defendant, Wayside Auto Body, Inc. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 139-23 Queens Boulevard, Jamaica, New York 11435.

7. Defendant, Christopher Benson, is an officer, director, manager, supervisor, and proprietor of Wayside Auto Body, who participated and continues to participate in the day-to-day operations of Wayside Auto Body, and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Wayside Auto Body.

8. Defendant Christopher Benson exercised control over the terms and conditions of Plaintiff's employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9. Upon information and belief, at least within each of the three (3) most recent years relevant to the claims herein, Wayside Auto Body was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

10. Defendants employed Plaintiff at its principal place of operations, 139-23 Queens Boulevard, Jamaica, New York, in Queens County, New York, to work as a non-exempt sander / car preparer and general helper, for Defendants' vehicle painting business beginning in or about August 2014, until in or about November 2016.

11. The work performed by Plaintiff was directly essential to the business operated by Defendants.

12. Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

13. Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

14. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15. Defendant Christopher Benson hires employees, to work at Wayside Auto Body.

16. In or about August 2014, the Defendants hired Plaintiff to work as a non-exempt sander / car preparer and general helper.

17. Plaintiff worked for the Defendants in such capacity until in or about November 2016.

18. At times relevant to this action, Plaintiff was paid "off the books", at $9.00 per hour for all hours worked, until early 2016, when he began to receive checks and overtime compensation.

19. During the course his employment, between 2014 and early 2016, Plaintiff worked over forty (40) hours per week and was paid straight time for all hours worked.

20. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours"

4

premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

22. At all relevant times, upon information and belief, at times during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action individually and as representative on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since May 2014 to the entry of judgment in this case (the "Collective Action Period"), and who were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

24. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are potentially hundreds of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

25. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields

of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

26. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

27. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

28. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

29. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

30. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violation of the Fair Labor Standards Act]**

31. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "30" of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

34. Upon information and belief, at least within the three (3) most recent years relevant to the allegations herein, the Corporate Defendants had gross revenues in excess of $500,000.

35. Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

37. At all relevant times, the Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members,

the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

40. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

42. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
**[Violation of the New York Labor Law]**

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, the Defendants employed Plaintiff, the Collective Action Members, within the meaning of New York Labor Law §§ 2 and 651.

45. Defendants knowingly and willfully violated Plaintiff, and the Collective Action Members' rights by failing to pay overtime compensation at rates of not less than

time and one-half their regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

46. Defendants knowingly and willfully violated Plaintiff, and the Collective Action Members' rights by failing to pay "spread of hours" premiums to for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

47. Prior to 2016, Defendants failed to furnish Plaintiff, and the Collective Action Members, with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

48. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

49. Due to the Defendants' New York Labor Law violations, Plaintiff, and the Collective Action Members, are entitled to recover from the Defendants unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

50. Plaintiff, the Collective Action Members, and the Class are also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

53. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

54. Plaintiff, and the Collective Action Members, were not provided with a proper, written wage notice, as required by law.

55. Prior to 2016, Plaintiff, and the Collective Action Members, were paid cash, and not provided with proper wage statements as required by law.

56. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Santiago Acosta Robles, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums, and civil penalties, pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
May 25, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Peter H. Cooper, Esq. (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Santiago Acosta__, am an employee currently or formerly employed by __Wayside Auto Body__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__May 25__, 2017

_____